**UNITED STATES of America, Plaintiff,**

v.

**Atif SAMI and Reginald Bailey, Defendants.**

**Criminal Action No. 96–397.**

United States District Court, E.D. Pennsylvania.

May 1, 1997.

Francis C. Barbieri, Jr., U.S. Dept. of Justice, Philadelphia, PA, for U.S.

Peter C. Bowers, Peter C. Bowers & Assoc., Philadelphia, PA, for Atif Sami.

Robert B. Mozenter, Mozenter and Mozenter, Philadelphia, PA, for Reginald Francis Bailey.

## MEMORANDUM

JOYNER, District Judge.

Defendants Atif Sami and Reginald Bailey were charged with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, namely knowing and intentional possession with intent to distribute, and aiding and abetting the possession and intent to distribute a controlled substance. Defendant Bailey was also charged with weapons possession in violation of 18 U.S.C. 922(g)(1).

After a non-jury trial, this court determined that the Government had not proven its case beyond a reasonable doubt against Defendant Sami, but had proven its case against Defendant Bailey, and we made these determinations on the record. Nevertheless, pursuant to Fed.R.Crim.P. 23(c), we also make the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On September 20, 1995, at approximately 4:00 P.M., members of the Philadelphia District Attorney's Office Narcotics Unit executed search warrant number 72819 at 5920 Chestnut Street in Philadelphia, Pennsylvania.

2. Upon entering the property, Det. Meissler apprehended Defendant Bailey who was on the second floor, and who was leaving the kitchen area after Det. Meissler announced that the police was present.

3. Defendant Sami was apprehended while seated at the dining room table.

4. At that table, the police found various items, namely, a plastic bag with a white substance and a bowl containing other powder, as well as scales, empty packets, and bowls containing residue. In addition, the police recovered a plastic bag with 27 packets of a green leafy substance and another bag with approximately 60 grams of the same substance on a hutch in the dining room area.

5. The police also recovered scales, empty packets, tally paper, razor blades, a strainer, and a hand-held coffee grinder in the dining room area.

6. A firearm was recovered near the table at which Defendant Sami was seated, and additional weapons were found in the living room and bathroom.

7. From the living room area, the police recovered currency, unused syringes, a scale, and a heat sealer.

8. From the rear bedroom, the police recovered a metal box containing three plastic bags of white powder, a bottle containing a white powder marked Mannitol, and two scales.

9. The officers also found various television and video camera recorders throughout the residence.

10. Defendant Sami was found to have $658 in U.S. currency on his person.

11. The police confiscated keys from Defendant Bailey which opened locks on the premises.

12. Tests conducted on the substances showed that they contained crack cocaine and heroin, and that the green leafy substance was marijuana.

13. Fingerprint analysis identified the prints of Defendant Bailey on one of the scales retrieved from the premises.

14. The police also found mail addressed to Defendant Bailey at an address different from the premises in question, and among those papers, there was a blank rent receipt signed by Ernest Taylor for $100.00 for 5920 Chestnut Street, second floor.

■ 15. We conclude that the Government has not shown beyond a reasonable doubt that Defendant Sami intended to distribute the controlled substances found in the premises. While it is true that there were controlled substances in Defendant Sami's presence, mere presence is not enough to show that this defendant intended to distribute the substances in question. *See U.S. v. Jenkins,* 90 F.3d 814, 818 (3d. Cir.1996).

■ 16. We conclude that the Government has met its burden of proving that Defendant Bailey knowingly possessed firearms, and that he possessed and intended to distribute, and aided in the distribution of controlled substances.

17. One can reasonably infer that since there were various important papers belonging to Defendant Bailey at the premises, keys were found on him that opened locks to various portions of the premises, and his fingerprints were found on one of the scales, Defendant Bailey had ownership or control over the weapons and paraphernalia that evidenced drug distribution. *See e.g. U.S. v. Brown,* 3 F.3d 673, 683–84 (3d.Cir.1993) (court suggests that possessing key to premises and fingerprints on drug paraphernalia, along with evidence that defendant fled when police arrived, might be enough to find defendant exercised dominion and control over drugs).